IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KENNY ALEXANDER,<br>*Plaintiff*<br><br>v.<br><br>TEXAS STATE BOARD OF MEDICAL EXAMINERS, TEXAS STATE BOARD OF PHARMACY, AND TEXAS STATE BOARD OF NURSING,<br>*Defendants* | § § § § § § § § § § | A-19-CV-00466-LY-SH |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before this Court are: Kenneth Alexander's ("Plaintiff") Motion to Proceed *In Forma Pauperis* (Dkt. No. 2); and Plaintiff's Complaint (Dkt. No. 1). On July 18, 2019, the District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

**I. GENERAL BACKGROUND**

Plaintiff requests that he be permitted to file this lawsuit without paying the filing fee. Plaintiff's Complaint alleges that the Texas State Board of Medical Examiners, the Texas State Board of Pharmacy, and the Texas State Board of Nursing (collectively, "Defendants") "tampered with" and "cover[ed] up" records showing that the physicians, nurses and pharmacists who testified against him in a criminal matter in Smith County, Texas, lied and provided false statements against Plaintiff. *See* Dkt. No. 1 at p. 4. Apparently, Plaintiff was arrested after illegally

1

obtaining a prescription for hydrocodone in Smith County. Plaintiff has filed three previous lawsuits based on this arrest alleging that the doctors, nurses and pharmacists involved in the case lied to the police and County that he illegally obtained the hydrocodone. *See Alexander v. Patrick*, 6:18-CV-284-RWS (E.D. Tex. Oct. 2, 2018) (dismissing case for lack of jurisdiction because Plaintiff's allegations that medical personnel lied about a prescription for hydrocodone failed to demonstrate federal jurisdiction); *Alexander v. Patrick*, 6:18-CV-285-RWS (E.D. Tex. Aug. 13, 2018) (same); *Alexander v. Patrick*, 6:17-CV-379-RWS (E.D. Tex. Oct. 24, 2017) (granting plaintiff's voluntary motion to dismiss). In this case, Plaintiff alleges that the Defendants also lied and covered up all records showing that the physicians, nurses, and pharmacists lied in his criminal case. Plaintiff seeks $10 million in regular damages and $100 million in punitive damages.

Although Plaintiff originally filed this lawsuit in the Eastern District of Texas, that District transferred the case to instant District on April 29, 2019. See Dkt. No. 4.

## II. MOTION FOR IN FORMA PAUPERIS

After reviewing Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs and financial affidavit in support, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in the Complaint and is recommending that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on the Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time on the Defendants.

### III. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

#### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the

petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B. Plaintiff's Complaint should be dismissed under § 1915(e)(2)**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal subject matter jurisdiction extends to civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. As the party asserting federal jurisdiction, Plaintiff bears the burden of demonstrating that jurisdiction is proper. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

Plaintiff does not specify the basis for subject matter jurisdiction of this Court. Clearly the Court does not have diversity jurisdiction in this case, as all of the parties are Texas residents. The Court also does not have federal question jurisdiction in this case. Under the "well-pleaded complaint" rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Plaintiff has failed to plead a claim under federal law or under the United States Constitution in this case. Accordingly, Plaintiff has failed to sustain his burden of demonstrating that jurisdiction is proper in this case.

This Court also does not have jurisdiction over this case under the Eleventh Amendment. The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment codified the sovereign immunity of the states. *Idaho*

*v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* at 253-54. "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

It is well-established that sovereign immunity applies not only to actions where a state is the named defendant, but also to actions against state agencies and state instrumentalities. *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017). The Defendants in this case are state agencies that are immune from Plaintiff's lawsuit under the Eleventh Amendment. *See Emory v. Texas State Bd. of Med. Examiners*, 748 F.2d 1023, 1025 (5th Cir. 1984) (holding that Texas State Board of Medical Examiners is a state agency and all claims against it were barred under the Eleventh Amendment); *Abbott v. Texas State Bd. of Pharmacy*, 391 S.W.3d 253, 254 (Tex. App. 2012, no pet.) ("Under the Texas Pharmacy Act, the Board is the state agency charged with regulating the practice of pharmacy in the state."); *Abbott v. Texas Bd. of Nursing*, 2010 WL 392335, at *1 (Tex. App. Feb. 3, 2010, no pet.) (holding that the Texas State Board of Nursing is a state agency charged with regulating the practice of professional and vocational nurses). Because the Defendants are immune from Plaintiff's claims in this lawsuit under the Eleventh Amendment, this Court does not have jurisdiction over the Defendants in this case.

Based on the foregoing, the Court finds that Plaintiff's lawsuit should be dismissed because he is seeking "monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(iii).

Finally, based on the nature of the events alleged in the lawsuit and the unlikelihood that the jurisdictional issues could be cured with by an amendment, the Court finds that the case should be dismissed without the opportunity to amend. *See Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** *without prejudice* Kenny Alexander's lawsuit under 28 U.S.C. § 1915(e)(2).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 12th day of August, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE